UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GRAIG HINES,                          :
      Plaintiff,                    :
                                      :   PRISONER CASE NO.
     v.                             :   3:12-cv-1453 (JCH)
                                      :
DR. VALLETTA, et. al.,                :   NOVEMBER 6, 2012
      Defendants.                    :

## INITIAL REVIEW ORDER

The plaintiff, Graig Hines, currently incarcerated at the Garner Correctional Center in Newtown, Connecticut, has filed a complaint pro se under 42 U.S.C. § 1983 (2000). The plaintiff names as defendants Dr. Valletta and L. Messenger Leroy. He asserts an Eighth Amendment claim for deliberate indifference to his serious medical needs.

Under 28 U.S.C. § 1915A (2000), the court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. Id. In reviewing a pro se complaint, the court must assume the truth of the allegations, and interpret them liberally to "raise the strongest arguments [they] suggest[]." Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. Bell Atlantic v. Twombly, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). The plaintiff must plead "enough facts to

state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  But "'[a] document filed pro se is to be liberally construed and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Boykin v. KeyCorp., 521 F.3d 202, 214 (2d Cir. 2008) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).

The plaintiff alleges that, while in federal custody, he was bitten by a bat and not given a tetanus or rabies shot.  He was returned to Connecticut before receiving treatment.  The plaintiff submitted sick call requests for a sore throat, muscle spasms, and pain in his lower back.  The plaintiff believes that he has contracted rabies or some other pathology transmitted by bats.  He seeks a consult with an ENT specialist and damages for negligence in his medical treatment.

The plaintiff provides a summary of his medical treatment compiled while he was confined at MacDougall Correctional Institution.  The summary indicated that the plaintiff does not display symptoms of rabies.  A throat culture was taken, and the plaintiff received antibiotics to address his throat problems.  The plaintiff alleges that his throat problems did not go away and that he was repeatedly coughing mucus and that his ear glands and spine hurt.  He includes documentation showing that he was approved for an ENT consult while confined in federal custody.  An ENT consult has not been authorized by state medical personnel.

The plaintiff includes no allegations regarding defendant Leroy.  The only reference is a copy of a notice that defendant Leroy returned grievance appeal paperwork to the plaintiff because the issue had already been addressed and denied, and could not be appealed.  The plaintiff has no constitutional right to repeatedly appeal

the denial of a grievance.  See Rhodes v. Hoy, No. 9:05-CV-836, 2007 WL 1343649, at *2 (N.D.N.Y. May 6, 2007) (no constitutionally protected due process right regarding allegedly improper treatment of prison grievance).  Defendant Leroy is not identified as a doctor, and the plaintiff alleges no facts indicating that he or she provides any medical attention.  All claims against defendant Leroy are dismissed pursuant to 28 U.S.C. § 1915A.

The plaintiff currently is an unsentenced state prisoner on a charge of murder. See www.ctinmateinfo.state.ct.us (last visited Oct. 22, 2012).  Although claims of deliberate indifference to a serious medical condition of a pretrial detainee are considered under the Fourteenth Amendment and claims of sentenced inmates are considered under the Eighth Amendment, the same standard is applied.  See Caiozzo v. Koreman, 581 F.3d 63, 72 (2d Cir. 2009).

To establish a constitutional claim for denial of medical care, the plaintiff must demonstrate that the defendant was "'deliberate[ly] indifference to [his] serious medical needs.'"  Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This two-part test embodies both an objective and a subjective component.  The physical condition of the plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind."  Id. at 66 (citing, inter alia, Wilson v. Seiter, 501 U.S. 294, 298 (1991)). An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

The plaintiff alleges that he explained his symptoms and self-diagnosis to defendant Valletta. Although he has been prescribed some treatment, the plaintiff has attached a health grievance indicating, in March 2012, that his condition would be assessed once he was released from segregation. From the documentation attached to the Complaint, the court cannot discern whether any further medical treatment was provided. Liberally construing the Complaint, the court concludes that the plaintiff has alleged sufficient facts to suggest that defendant Valletta was aware of his medical needs and may have failed to address them. Accordingly, the claim against Dr. Valletta will proceed at this time.

## ORDERS

In accordance with the foregoing analysis, the court enters the following orders:

(1)   The claims against defendant Leroy are DISMISSED pursuant to 28 U.S.C. § 1915A.

(2)   The **Pro Se Prisoner Litigation Office shall** verify the current work address of defendant Valletta with the Department of Correction Office of Legal Affairs and mail waiver of service of process request packets to him at the confirmed addresses within **fourteen (14) days** of this Order. The Pro Se Prisoner Litigation Office shall report to the court on the status of that waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Pro Se Prisoner Litigation Office shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The **Pro Se Prisoner Litigation Office shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the Complaint on defendant Valletta in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **fourteen (14)** days from the date of this order and to file returns of service within **twenty (20)** days from the date of this order.

(4)     The **Pro Se Prisoner Litigation Office shall** send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(5)     **The defendant shall** file his response to the Complaint, either an answer or motion to dismiss, within **seventy (70)** days from the date of this Order.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(6)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this Order.  Discovery requests need not be filed with the court.

(7)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(8)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

**SO ORDERED** this 6th day of November 2012, at New Haven, Connecticut.


      /s/ Janet C. Hall
Janet C. Hall
United States District Judge